ENOCH CRAIG *versus* BENJAMIN H. GILBRETH.

Possession of personal property is sufficient to entitle the possessor to maintain an action of *trespass* against a mere wrongdoer, who shows no title.

The declarations of an agent, made, not at the time of, or accompanying any act done for the principal, but at a subsequent time, and in the absence of the principal, are not admissible as evidence against the principal.

TRESPASS for taking and carrying away certain machinery from a shop in Winthrop, Dec. 10, 1857. Plea, general issue.

The plaintiff claimed under a mortgage of the property to himself, from Leonard E. Craig, dated Sept. 28, 1856, and recorded Oct. 2, 1856. The mortgage was produced on the trial, and also two notes secured therein, one for $500, and the other for $200. The plaintiff testified that but $200 had been paid on the debt secured.

It was in evidence that, at the time of the attachment, Leonard E. Craig was in possession of the property as the agent of the plaintiff.

The defendant introduced a mortgage from Leonard to one Rounds, dated and recorded July 16, 1857.

The defendant was sheriff of Kennebec county. He offered to introduce an execution sued out by one Cummings against

Leonard E. Craig, and to prove that the property had been sold and the proceeds applied to satisfy said execution. This evidence was excluded, except that the fact of the sale at auction, and the prices received, were allowed to be stated.

The defendant introduced T. J. Burgess, who testified, subject to the plaintiff's objections, that, in the summer of 1857, whilst Leonard was selling the property as agent for the plaintiff, he told the witness that he "had received, for what he disposed of, more than $600 in cash."

The verdict was for the defendant.

To the various rulings and instructions of the Court, principally in relation to the mortgages before mentioned, the plaintiffs excepted. As the case turned on other points, these instructions, and also the elaborate arguments of counsel with regard to them, are omitted.

The plaintiff also moved that the verdict be set aside, as being against the weight of evidence, and the law as stated by the Judge.

The evidence was reported at length by HATHAWAY, J.; but neither of the mortgages alluded to is found amongst the papers.

*John S. Abbott,* for the plaintiff.

The defendant does not justify as an officer. He pleads the general issue, without any brief statement.

The testimony of Burgess was improperly admitted. There being no evidence of any judgment in favor of Cummings, the oral testimony of Burgess, as to the sale at auction, should have been excluded. *Purrington* v. *Loring,* 7 Mass. 392.

The declaration of Leonard E. Craig, made nearly a year after his mortgage to the plaintiff, and when he was not present, were not binding on the plaintiff, and were erroneously admitted.

The possession of the plaintiff, by his agent, L. E. Craig, was sufficient to enable him to maintain this action.

It is not shown that the defendant or his deputy represents any creditor of Leonard, or returned the writ on which the

goods were attached; nor that Leonard was indebted to Cummings. In this state of facts, what is it to the defendant whether the mortgage notes were paid or not?

*George Evans,* for the defendant, reviewed the evidence, and contended that the mortgage debt due to the plaintiff had been fully paid.

The opinion of the Court was drawn up by

Rice, J. — Trespass for taking and carrying away a certain lot of machinery, &c. The case comes up on report and exceptions. The plaintiff is understood to claim title to, or the right to have possession of, the articles sued for, by virtue of a mortgage from one Leonard E. Craig to him, dated Sept. 28, 1856, and recorded Oct. 2d, 1856. It is also understood that the defendant claims to justify as an officer, having attached the property on a precept, Dec. 9, 1857, in favor of one Cummings, and against the said Leonard E. Craig. The mortgage is not made part of the case. We are consequently ignorant of its terms. Nor do the pleadings show that the defendant justifies as an officer; nor is there any evidence that, at the time of the attachment of which complaint is made, Cummings had any existing legal claim against Leonard E. Craig.

The case does show, however, that the plaintiff had possession of the property in controversy, by his agent, Leonard E. Craig, at the time of the attachment. That possession was sufficient to entitle him to maintain trespass against a mere wrongdoer, a naked trespasser, in which light the defendant stands before us.

It also appears in the case, that the plaintiff took his mortgage to secure the payment of a note for $500. To show that this note had been paid, the defendant was permitted to prove by Mr. Burgess, subject to plaintiff's objection, that Leonard E. Craig, who was the agent of the plaintiff, and, as we infer, had charge of the property covered by the mortgage to the plaintiff, said that "he had received, for what he

had disposed of then, (summer of 1857,) over six hundred dollars in cash." These declarations, under the rule laid down by a majority of this Court, in *Bank* v. *Steward*, 37 Maine, 519, were erroneously admitted.

Objections have also been taken to other instructions, based, however, principally upon the mortgages referred to in the case. These mortgages not being before us, we are unable to determine whether those objections are well taken or otherwise, · *Exceptions sustained —*
*Verdict set aside, and*
*New trial granted.*

TENNEY, C. J., and APPLETON, GOODENOW, DAVIS, and KENT, JJ., concurred.